# Exhibit C

CAUSE NO. 19-0270 _____

| | | |
|---|---|---|
| **BRANDON WILSON AND** | § | **IN THE DISTRICT COURT OF** |
| **ALICIA WILSON** | § | |
| **Plaintiffs,** | § | |
| | § | **ARANSAS COUNTY, TEXAS** |
| **v.** | § | |
| | § | |
| **STATE FARM LLOYDS** | § | _____ **JUDICIAL DISTRICT** |
| **Defendant.** | § | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BRANDON WILSON AND ALICIA WILSON ("Plaintiffs" or "WILSON"), and files this *Plaintiffs' Original Petition*, complaining of State Farm Lloyds ("Lloyds" or "Defendant"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of its suit.

### PARTIES

2.  Plaintiffs BRANDON WILSON AND ALICIA WILSON are individuals residing in ARANSAS County.

3.    Defendant STATE FARM LLOYDS ("Lloyds") is a domestic insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, via certified mail, return receipt requested, by serving its registered agent, Corporation Service Company 211 E. 7th St., Ste. 620, Austin, Texas 78701.

## JURISDICTION

4.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.    The Court has jurisdiction over Defendant LLOYDS because the defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of the defendant's business activities in the State of Texas.

## VENUE

6.    Venue is proper in ARANSAS County, Texas, because the insured property is situated in ARANSAS County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.    Plaintiffs are the owner of a Texas Homeowners Insurance Policy number 83-BC-J476-7 (hereinafter referred to as "the Policy"), which was issued by STATE FARM LLOYDS.

8.    Plaintiffs own the insured property, which is specifically located at 816 PINE AVE., ROCKPORT, TEXAS 78382, in ARANSAS County (hereinafter referred to as "the Property").

9.    STATE FARM LLOYDS sold the Policy insuring the Property to Plaintiffs.

10. On or about August 25, 2017, a massive hurricane struck ARANSAS County, Texas, causing significant damage to many homes and businesses throughout the region, including Plaintiffs property. Plaintiff's roof, interior and exterior sustained extensive damage during the hurricane. Shortly after the hurricane, Plaintiffs submitted a claim to LLOYDS against the Policy for the damage to the Property sustained as a result of the storm. Plaintiffs asked that LLOYDS cover the cost of repairs to the Property pursuant to the Policy.

11. The claim number assigned by Lloyds is 53-00Q2-99N.

12. Defendant LLOYDS assigned an adjuster to the claim. The adjuster assigned to Plaintiffs claim was improperly trained and failed to perform a reasonable or adequate inspection of the damages. During the course of the inspection, the adjuster made the executive decision to deny most of Plaintiffs covered damages. This is evidenced by the adjuster's estimate which severely undervalued and/ or omitted the damages fence, shed, garage, electrical system, septic system and Plaintiffs' personal contents. To date, Plaintiffs have not received the full payment amount due under the Policy, nor have they received any explanation from Defendant as to why they ultimately issued underpayment of Plaintiff's damages.

13. As a result of the unreasonable investigation of Plaintiff's claim (including not providing full coverage for the damages sustained by Plaintiffs and under-scoping the damages during its investigation, thus denying adequate

and sufficient payment to Plaintiffs to repair its property), Plaintiff's claim was improperly and unreasonably adjusted. The mishandling of Plaintiff's claim has also caused a delay in their ability to make necessary repairs to the Property, which has resulted in additional and consequential damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

14. As detailed in the paragraphs below, LLOYDS wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, LLOYDS underpaid some of Plaintiffs claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during the investigation.

15. To date, LLOYDS continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid the full amount for the damages to their property.

16. Defendant LLOYDS failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds due under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. LLOYDS' conduct constitutes a breach of the insurance contract between LLOYDS and Plaintiffs.

17.  Defendant LLOYDS misrepresented to Plaintffs that much of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.  Defendant LLOYDS failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.  Defendant LLOYDS failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendant LLOYDS failed to offer Plaintiffs adequate compensation, without any valid explanation why full payment was not being made.  Furthermore, Defendant LLOYDS did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20.  Defendant LLOYDS refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant LLOYDS failed to conduct a reasonable investigation.   Specifically,  Defendant  LLOYDS  performed  an  outcome-

oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21. Defendant LLOYDS failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning and investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.055.

22. Defendant LLOYDS failed to accept or deny Plaintiff's full and entire claim within failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23. Defendant LLOYDS failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiffs have not received full payment for the claim. LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24. From and after the time Plaintiffs claim was presented to Defendant LLOYDS, the liability of LLOYDS to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, LLOYDS has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. LLOYDS' conduct constitutes a breach of the common law duty of good faith and fair dealing.

25. Defendant LLOYDS knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

26. As a result of Defendant LLOYDS' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST LLOYDS

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

Page 7

27.    Defendant LLOYDS is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

28.    Defendant LLOYDS' conduct constitutes a breach of the insurance contract made between Lloyds and Plaintiffs.

29.    Defendant LLOYDS' failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of LLOYDS' insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

30.    Defendant LLOYDS' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

31.    Defendant LLOYDS' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

32.    Defendant LLOYDS' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Lloyds' liability under the Policy was reasonably

clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

33.   Defendant LLOYDS' unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

34.   Defendant LLOYDS' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

35.   Defendant LLOYDS' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

36.     Defendant LLOYDS' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

37.     Defendant LLOYDS' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

38.     Defendant LLOYDS' failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

39.     Defendant LLOYDS' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40.     Defendant LLOYDS' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

41.     Defendant LLOYDS' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Lloyds knew or should have known by the exercise of reasonable diligence

that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

42.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs damages described herein.

### DAMAGES

43.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

44.   As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Lloyds' mishandling of Plaintiff's claim in violation of the laws set forth above.

45.   For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

46.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

Page 11

47.  For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

48.  For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

49.  For the prosecution and collection of its claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of its action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

50.  Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in ARANSAS County, Texas.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

51.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of its case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.   In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

Respectfully submitted,

CARRIGAN & ANDERSON, PLLC

/s/David M. Anderson
**David M. Anderson**
State Bar No. 24064815
**Stephen P. Carrigan**
State Bar No. 03877000
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas  78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com

**ATTORNEYS FOR PLAINTIFFS**

Page 13